**J. A. Gore, Appellee, v. Marshall Field & Company,
Appellant.**

**Gen. No. 18,441.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in this court at the March
term, 1912. Reversed and remanded. Opinion filed January 12,
1914.

### Statement of the Case.

Action by J. A. Gore against Marshall Field & Com-
pany, a corporation, to recover damages for false im-
prisonment of plaintiff by defendant's servants.
From a judgment in favor of plaintiff for five hun-
dred dollars, defendant appeals.

FRANK B. LEFFINGWELL, for appellant.

CRUICE & LANGILLE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion
of the court.

### Abstract of the Decision.

1. FALSE IMPRISONMENT, § 28*—*when verdict for plaintiff not sus-
tained by the evidence.* In an action against a department store
for false imprisonment, the facts showing that plaintiff had pur-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

chased a coat and was leaving the store when he was stopped by some unknown person, and that plaintiff went with such person to the clothing department where a clerk and a floorman told him he would have to prove that he purchased or that he did not steal the coat, *held* that a verdict in favor of plaintiff could not be sustained, the evidence not showing that the person who stopped him was an employe of the store and it not appearing whether the statements made by defendant's servants in the clothing department could be construed to mean that plaintiff should remain in the room until he proved he bought the coat.

2. FALSE IMPRISONMENT, § 2*—*what constitutes*. To constitute the injury of false imprisonment there must be a detention of the person and the detention must be unlawful.

3. FALSE IMPRISONMENT, § 30*—*when instruction not to award punitive damages should be given*. In an action for false imprisonment by the servants of defendant, refusal of court to instruct the jury at the request of defendant that plaintiff should not be awarded punitive damages, *held* error, it not appearing that defendant's servants acted maliciously or wantonly or that their acts were conceived in a spirit of mischief or criminal indifference to civil obligations.

4. FALSE IMPRISONMENT, § 36*—*when damages excessive*. A verdict for five hundred dollars for damages sustained by reason of false imprisonment, *held* excessive, the case not being one in which punitive damages should be awarded and the evidence showing that there was only a detention of the person of plaintiff for a few moments.